IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEVIN HOLLIDAY,** | : | CIVIL ACTION |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| **STATE FARM INSURANCE COMPANY,** | : | |
| *Defendant*. | : | NO. 23-cv-2499 |

**MEMORANDUM**

**KENNEY, J.**                                                                                                                      July 27, 2023

Plaintiff Kevin Holliday ("Plaintiff") brings this underinsured motorist claim against Defendant State Farm Indemnity Company, incorrectly named in the Complaint as State Farm Insurance Company ("Defendant"). Presently before this Court is Plaintiff's Motion to Remand (ECF No. 11), to which Defendant filed a Response in Opposition (ECF No. 14). For the reasons set forth below, Plaintiff's Motion will be granted, and this case will be remanded to the Philadelphia Court of Common Pleas. An appropriate Order will follow.

**I.      Background and Procedural History**

On July 10, 2021, Plaintiff sustained various personal injuries in a motor vehicle accident due to the alleged negligence of an underinsured motorist. ECF No. 1-3 ¶¶ 3–4. On May 25, 2023, Plaintiff filed a Complaint in the Philadelphia Court of Common Pleas against Defendant asserting an underinsured motorist claim. *See* ECF No. 1-3. Plaintiff's Complaint contains an *ad damnum* clause which states, "Plaintiff . . . demands judgment against the Defendant . . . for an amount not exceeding the arbitration limits." ECF No. 1-3 at 5. Accordingly, this matter was scheduled for an arbitration hearing on April 5, 2024. ECF No. 11 ¶ 4.

On June 29, 2023, Defendant filed a Notice of Removal to the United States Eastern District Court alleging removal was proper pursuant to 28 U.S.C. § 1332(a)(1) and § 1441(a). ECF

No. 1 ¶ 12. Defendant contends in its Amended Notice of Removal that it was a citizen of the State of Illinois as Defendant was incorporated in Illinois and maintained its principal place of business in Illinois at the time the Complaint was filed. ECF No. 7 ¶ 3. Defendant also states Plaintiff was a citizen of the Commonwealth of Pennsylvania at the time the Complaint was filed. *Id.* ¶ 4. The Amended Notice further argues that although Plaintiff's Complaint seeks less than $50,000, the potential value of this matter exceeds $75,000, exclusive of interests and costs; particularly because, as a matter of state law, if the case proceeds to arbitration and either party appeals the award, the factfinder will not be jurisdictionally limited to awarding damages below $50,000. *Id.* ¶ 11.

On July 20, 2023, Plaintiff filed the instant Motion to Remand alleging that the amount in controversy for jurisdiction under 28 U.S.C. § 1332 is not met and, therefore, the matter must be remanded to the Philadelphia Court of Common Pleas. ECF No. 11. On July 25, 2023, Defendant filed a Response in Opposition. ECF No. 14.

**II.     Legal Standard**

"A civil action brought in state court may be removed by the defendant to federal district court if the federal court would have had original jurisdiction over the claim." *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013) (citing 28 U.S.C. § 1441(a)). Section "1441 is to be strictly construed against removal, so that the Congressional intent to restrict federal diversity jurisdiction is honored." *Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004) (internal citation omitted). "The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." *Id.* "When assessing a motion to remand for lack of subject matter jurisdiction, 'all doubts [should be] resolved in favor of remand.'" *Andrews v. Nike, Inc.*, No. 21-2793, 2021 WL 5042460, at *1 (E.D.

Pa. Oct. 29, 2021) (quoting *Brown v. Francis*, 75 F.3d 860, 865 (3d Cir. 1996)).

Pursuant to 28 U.S.C. § 1332(a), a federal court has subject matter jurisdiction over a matter if the parties are citizens of different states and the amount in controversy exceeds $75,000. "The Supreme Court has long held that Plaintiff is master of [his] claim and may limit [his] damages to keep the amount in controversy below the threshold." *Fitzgerald v. Target Corp.*, No. 23-1086, 2023 WL 3727004, at *1 (E.D. Pa. May 26, 2023) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938)). "If the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy.'" *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84 (2014) (quoting § 1446(c)(2)). However, a defendant can "make a showing to the contrary if 'other paper' establishes that the amount in controversy exceeds the limit stated in the initial pleadings." *Fitzgerald*, 2023 WL 3727004, at *1 (citing 28 U.S.C. § 1446(c)(3)).

"There is some uncertainty as to the evidentiary standard that Defendant must meet in the face of Plaintiff's express damages limitation, with some district courts questioning whether the previous 'legal certainty' standard has been replaced by a 'preponderance of evidence' standard in the wake of recent decisions in the Third Circuit and Supreme Court." *Id.* (citing *Sciarrino v. State Farm Fire & Cas. Co.*, 476 F. Supp. 3d 91, 93-97 (E.D. Pa. 2020)). Nonetheless, "[t]he inquiry should be objective and not based on fanciful, 'pie-in-the-sky,' or simply wishful amounts, because otherwise the policy to limit diversity jurisdiction will be frustrated." *Samuel-Bassett*, 357 F.3d at 403. "Where the court is left to guess at whether the jurisdictional threshold has been met, then the removing defendant has not carried its burden." *Rossi v. Neumayr*, No. 3:20-00844, 2020 WL 6710428, at *2 (M.D. Pa. Nov. 16, 2020) (internal quotation marks and citation omitted).

Finally, "[u]nder the Pennsylvania Rules of Civil Procedure, in a claimant's *ad damnum*

3

clause seeking unliquidated damages . . . the claimant 'shall not claim any specific sum.'" *Berry v. Wal-Mart Stores, E., L.P.*, 583 F. Supp. 3d 671, 678 (E.D. Pa. 2022) (quoting Pa. R. Civ. P. 1021(b)). Accordingly, "the plaintiff can only request damages in excess of or less than the amount for determining eligibility for arbitration." *Andrews*, 2021 WL 5042460, at *1 (internal quotation marks and citation omitted). Under the Philadelphia Court of Common Pleas Civil Rule 1301, cases which have an amount in controversy, exclusive of interest or costs, of $50,000 or less are assigned to the arbitration program. *See* Phila. Court Common Pleas Civil Rule *1301.

### III. Discussion

Here, the parties do not dispute that they are of diverse citizenship, but they disagree about whether the amount in controversy exceeds $75,000. As described *supra*, Plaintiff filed this action in the Philadelphia County Court of Common Pleas Arbitration Program and the *ad damnum* clause in his Complaint states: "Plaintiff . . . demands judgment against the Defendant . . . for an amount not exceeding the arbitration limits." ECF No. 1-3 at 5. Accordingly, Plaintiff's Complaint asserts an amount in controversy of $50,000 or less. In its Amended Notice of Removal and in its Opposition to Plaintiff's Motion to Remand, Defendant argues that Plaintiff ignores the fact that if the arbitration award, or lack thereof, is appealed, the jurisdictional limit of $50,000 will no longer be applicable. Thus, Defendant asserts that the case has a potential value that exceeds $75,000 because: (1) Plaintiff has a recoverable lien in the amount of roughly $22,795.00 relative to payment of a portion of medical expenses and reimbursement of wages lost, both of which are allegedly related to the subject accident; (2) Plaintiff was allegedly out of work for approximately one (1) year following the subject accident; (3) Plaintiff's treatment includes a variety of treatment including injections; and (4) State Farm issued to Same Day Delivery Service, Inc. a motor vehicle insurance policy with stated underinsured motorist coverage limits of $250,000.00 (subject to the

terms and conditions set forth in the contract of insurance). ECF No. 14 ¶ 6.

The Court finds Defendant's position does not satisfy its burden. Regardless of whether this Court applies a "legal certainty" standard or a "preponderance of the evidence" standard, the Court finds that Defendant has not shown the amount in controversy exceeds $75,000. To begin, as the master of his Complaint, Plaintiff has expressly limited his amount in controversy to less than $75,000. "Courts in this district have found that 'where the complaint expressly limited damages to $50,000 for purposes of arbitration' pursuant to Pennsylvania's compulsory arbitration provision, 'the amount in controversy does not meet the $75,000 jurisdictional minimum.'" *Mordecai v. Progressive Cas. Ins. Co.*, No. CV 19-4351, 2019 WL 5787980, at *4 (E.D. Pa. Nov. 5, 2019) (quoting *Plunkett v. Nationwide Mut. Ins. Co.*, No. 14-6545, 2014 WL 7271380, at *3 (E.D. Pa. Dec. 22, 2014) (further citations omitted). Moreover, courts in this district have repeatedly held that a "mere possibility that a plaintiff *could* recover more than $75,000 for an appeal of a compulsory arbitration is insufficient to prove that the amount in controversy *does* exceed $75,000." *Coates v. Nationwide Ins. Co.*, No. 12-4031, 2013 WL 5224004, at *4 (E.D. Pa. Sept. 16, 2013) (internal quotation marks and citation omitted); *Mordecai*, 2019 WL 5787980, at *4; *Dunfee v. Allstate Ins. Co.*, No. 08-cv-01425, 2008 WL 2579799, at *8 (E.D. Pa. June 26, 2008); *Wiles v. Globe Life & Accident Ins. Co.*, No. CV 18-5192, 2019 WL 9100374, at *1 (E.D. Pa. Aug. 1, 2019).

Moreover, while Plaintiff's *ad damnum* clause is not dispositive of the amount in controversy, Defendant has not shown that Plaintiff's actual monetary demands exceed the jurisdictional threshold. *See Mordecai*, 2019 WL 5787980, at * 4. Rather, Defendant's argument is based on pure speculation. The allegations in the Complaint with respect to Plaintiff's injuries are all vague and undefined, and the Complaint contains no specific facts to indicate the magnitude

5

of Plaintiff's alleged damages. *See Bishop v. Sam's East, Inc.*, No. 08-4550, 2009 WL 1795316, at *4 (E.D. Pa. June 23, 2009). Defendant's Amended Notice of Removal points to an outstanding lien, Plaintiff's absence from work for more than a year, medical procedures Plaintiff underwent, and the coverage limits of the policy. However, Defendant does not provide an objective calculation of likely damages in the event the arbitration award were appealed. While Defendant provides a conclusory statement that these facts establish that the amount in controversy exceeds the statutory minimum to a legal certainty, the reality is this Court is left guessing what the potential damages (again, if the arbitration decision were appealed) could possibly be.

Accordingly, as this Court must resolve all doubts in favor of remand, the Court finds Defendant's allegations do not suffice to establish the amount in controversy exceeds $75,000. Therefore, this Court lacks subject matter jurisdiction over this matter and must remand the case to the Philadelphia County Court of Common Pleas.

## IV. Conclusion

For the foregoing reasons, Plaintiff's Motion to Remand (ECF No. 11) will be granted and this case will be remanded to the Philadelphia Court of Common Pleas. An appropriate Order follows.

BY THE COURT:

/s/ Chad F. Kenney
_____
**CHAD F. KENNEY, JUDGE**